Judge Coaltee
delivered his opinion, in which the other Judges concurred.*
*43 Without a particular examination of the authorities, none -of which perhaps are entirely opposite to this case, I will submit my ideas as to the intention of the testator as disclosed by the Will itself.
He intended a.present benefit, at the discretion of his Executors, to all his grand children who were or should be born before distribution, by an application of the interest of the fund to their support and education; and he intended a interest in each one of who should attain twenty-one years of age; not merely to vest at that time, to be at some remote and uncertain but to be theñ received and enjoyed. Had the bequest been simply to his grand children, who should attain tweny-one years of age, lo be paid their respective shares as. they shall attain that age, then I incline to think, that the grand children in being at the time of his death would alone form the class who were to take. If, at that time, they were all of age, although evidently from the terms of the Will no distribution could have been instantly made, yet the right to have the whole distributed, so soon as that could be done, would then have attached to each one, who would have had a vested right in his aliquot part, transmissible; which rights could not be affected by the birth of grand children afterwards. If, at that time, one was of age and the rest not, a right transmissible would have A'ested in that one, not only to an aliquot share, counting the others then in being, and he would have had a right transmissible, to such augmentation of the share as might thereafter accrue, on the death of any of the others before twenty-one. If, before a reasonable time to ask distribution, or pending a suit therefor, one or more of the class should die under twenty-one, this augmentation of what would, otherwise have been the share, would also be demandable. If, however, one aliquot part had been paid or decreed, counting all, none having died, and then another came of age, one or more of the original class having died since such payment or decree, then this second one, coming of age, would be entitled to an augmentated share; and the first one who came of age, or his representative, would also receive the augmentation so accruing, so-as to make him equal with the second, an equality amongst the objects of his bounty being intended; and so on, from time to time, would the fund be distributed, as and when the individuals of the class severally attained their ago of twenty-one.
The testator, however, intended to include certain grand chilnot in the of elude others, who might come into being after a certain event, to wit: after distribution. He knetv the fact, that none were then of age, and that they might not. be, at the time of his d'óaf.h: and there» *45 fore, that some timé would probably elapse, before any distribution, éitbei-' partial or final; would take place, or be called for. He therefore extends his bounty, as well to such of them aá are how born, as to such as may be born before distribution, who shall attain the age of twenty-one years. It- is' this provision which raises the question before us'.
On the part of the Appellant, it is contended, that-the Words, u or may be born before distribution,” mean to' extend the bounty to all such as are born at any time before a final distribution can be claimed. I say “ can be claimed;” for, I do not understand, that if, after the last one who has come into being has arrived to the age of twenty-one, and being refused his share, has sued for it, another should be born pendente lile or before suit, but after the age of the claimant, that after-born child shall have a claim' to share with that claimant, although distribution was not actually made. In such event, I understand it to be conceded, that the right to have the share, there being no other person in being entitled to claim, is" a vested right to the whole remaining share, not to- be affected by such pa sterior events. If this is not conceded, I think it must neverthe - less be Law. ■ 1
On the part of the Appellees, it is contended, that the meaning' of those words is, to exclude all who should be bora after the first one came of age, and had, eo instanti, received an aliquot part or' distributable share, counting those then in being and under age; or, having a right, was demanding it; the right to distribution, and the actual receipt of it, whether then or afterwards, being, according to the idea expressed, one and the same thing.
to the the Appellant, When one of six in being shall attain twenty-one, that one has a vested right to one-sixth of the fund, which ought to> salvo; that, equality was and inasmuch as final distribution cannot be made for a long time, some objects being of tender years, and as, before such distribution, many more may be bora, the first, and every other object attaining áge, must be held ultimately to a re-partition from time to time, either as the aliquot share shall increase or be diminished by after-deaths or births. Thus; when the next one coming of age, claims partition, six more have been bora; so that one-twelfth is a share, and the next must refund. When the next comes of age and claims, these six or any others^ say to the number of six, are dead, then he is entitled to a sixth part, and the other two shares are augmented. When the nexl comes- in, more are born, and then the shares are diminished, &e. &c. In the mean lime, bonds are to be taken from *46 those receiving, to refund, &c. Or, as the one first coming of age has a vested right to a share, computing the objects then in being, the executor is barred to pay him his share, and has no right to demand bond, except to refund in case of debts, (and which he demanded in this ease) and this shall be final as to him, whatever augmentation or diminution of shares may thereafter take place by deaths or birth; and should all die the next day, it would follow, I presume, that he will, take no more, but that as to the five remaining shares, there shall be an intestacy.
Is a construction of the testator’s Will, involving either of these consequences, a reasonable one?
He gives the fund to all his dear grand children, &c. to be paid their respective shares and parts. What shares and parts? Such as may eventually turn out to be grossly unequal? Or, share and share alike? It seems to me, that there must be other expressions or provisions in the Will, showing that inequality was intended, before we can a construction that effect. None however, are perceived; and I also think, when he gives the rest and residue of his estate to his grand-children, who shall attain twenty-one, if any one shall, attain that age, there must be very cogent reasons, apparent from other parts and provisions in the Will, which shali induce a construction involving an intestacy as to any part, before we cap so decide. ■ But* I see nothing of this kind. Suppose the party, contingently entitled to the last share, according to the construction contended for by the Appellant, dies before twenty-one. Shall there be an Immediate intestacy as to that, or shall j.t remain in abeyance, or until all the children of the testator die, so that it may be certain that no grand child can he born to take it? Ahd on that event what will become of it? Will it he an undisposed of subject, although there are grand children in being, who ■have arrived at the age of twenty-one years, and who were in being at the death of the testator? A construction involving inequality and intestacy both, it seems to me, cannot be put on this. Will.
Bu% can the other mode of distribution claimed by the Appelpellant, be supported as intended by the testator? This construction will so nearly amouut, in ninety-nine cases out of one hundred* and probably in this very case, to a bequest to all the grand children ■whenever born, who shall attain twenty-one years oí' age, as to make the words “before distribution,” of*little or no avail: insomuch, that if he had suspected such a construction as is contended for, he probably would have gone the full length of providing for all.
The testator made his Will, shortly before his death in April, (4809- It is recorded in September of that year. He had then, *47 say seven grand children, born and alive, all under age. The eldest comes of age, and liles her bill in 1812. John Hopkins, the nexe eldest, comes of ago after 1815; for, in that year, he defends his guardian. Jinn El-ha the next, files her petition as an adult, in 1821. All the rest seem yet to be under age; and two grand children, then lately born, are made parties in 1815. very reasonably youngest grand child, in being at his death, would attain twenty-one years of age, every grand child would be born, which, in the ordinary course of nature, he could calculate.on being born; and if he intended by those words, that every distributable share should be liable to be opened, in order to contribute in the way contended for, until the youngest came of age, he would hardly have thought it worth his while to stop it there, but would have provided for all his grand children lohencver born; as the difficulty of distribution, would have been very little, if any, increased thereby. But,- he intended to put some termination or limitation to the coming in, being of the class provided for; and that, I think, ought to be a reasonable and convenient termination, unless there are very clear expressions to the contrary. The time of the first one coming of age, at which time her right to a share accrued, and which ex vi termini, means the time of the distribution of that share, seems to me to be the most reasonable and convenient termination. Making a division and paying onejshare, is certainly a dislrihxttion, in one sense of the word; a. partial distribution. When the last share is paid over, then there is a final distribxition. Which of these is meant by the words, “ born before distribution?” Did the testator intend, by the words, “ to bo paid their respective shares and parts, as they shall attain that age,” that when one came of age she was to receive a part, which, by after-events, might be greatly diminished, and she obliged to refund accordingly, and to give security to do so? That her interest was vested, subject to be divested1 Or, did he intend her to receive a part, which the executor could wrell ascertain and would be justified in paying, so as to enjoy it from tfi.at time, without account, and with - the privilege of coming in for a farther share; from time to time, as the claim might be augmented by death? The absolute payment that seems to me to be directed tobe made them, “ as they shall attain that age,” is inconsistent with that conditional payment insisted upon, as resulting from the other construction. The settled and uniform construction put on Wills ,if not precisely like this, yet very nearly so,, goes, I think, strongly fortify me in this construction of the present Will,
*48 On the whole, I think the Decree is right.
Decree affirmed.

Absent, Judges Gn.Kr.2f and Gabble, the latter of whom did not sit on account of his connexion with some of the parties.